**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sonny Jean, | No. CV-19-00439-TUC-JGZ |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is a Report and Recommendation (R&R) issued by Magistrate Judge Eric J. Markovich. (Doc. 12.) Magistrate Judge Markovich recommends dismissing Petitioner Sonny Jean's § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody. (*Id.*) Jean filed an Objection, and Respondents filed a Response. (Docs. 13, 14.) Also pending before the Court is Jean's Addendum, (Doc. 18), and Respondents' Motion to Strike the Addendum. (Doc. 19.) Having reviewed the record, the Court will adopt the R&R, deny a Certificate of Appealability, and grant Respondents' Motion to Strike.[1]

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's

---

[1] The Magistrate Judge set forth multiple reasons for the recommendation in the R&R and closely analyzed each of Jean's claims. The Court agrees with the Magistrate Judge's analysis and addresses in this Order the arguments raised in Jean's Objection.

findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider newly raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000).

## BACKGROUND

The Court will adopt the Factual and Procedural Background of the R&R. (Doc. 12 at 3–10.) The Magistrate Judge cited the Arizona Court of Appeals' summary of the facts as follows:

> [T]he evidence shows that on May 8, 2014, Jean shot two people, V.G. and E.V., outside a residence before running them over with a car as he "peel[ed] out" and fled the scene. V.G. died during the incident, but E.V. survived and testified at trial. An indictment charged Jean with five felony offenses related to the altercation. The jury acquitted him of three offenses but found him guilty of two crimes against E.V.: aggravated assault causing serious physical injury and aggravated assault with a dangerous instrument (a motor vehicle).
>
> The trial court subsequently found that Jean had two historical prior felony convictions: one from Arizona and one from Florida. Over Jean's objection, the court determined that because he had been convicted of three prior felony drug offenses in Florida, the third offense there qualified as a historical prior felony conviction under Arizona law. The court then sentenced him as noted above[.]

(*Id.* at 3 (quoting *State v. Jean*, No. 2 CA-CR 2015-0184, 2016 WL 2864785, at *1 (Ariz. Ct. App. May 16, 2016)).)

## DISCUSSION

The Court will overrule Jean's Objection and adopt the Magistrate Judge's R&R, deny a Certificate of Appealability, and grant Respondents' Motion to Strike.

///

**I.      Jean's Objection**

Jean states "[t]he sole purpose of [his] objection is to identify and show how [he] was immensely Prejudiced." (Doc. 13 at 3.) More specifically, Jean argues that the jury instructions from his trial greatly prejudiced him, were fundamentally unfair, and caused an "extreme" violation of his constitutional due-process right. (Doc. 13 at 6, 17–18.) Jean contends that the alleged flaws in the jury instructions also underlie his abuse-of-discretion, sufficiency-of-the-evidence, and ineffective-assistance-of-counsel claims. (*See* Doc. 13 at 6–8, 13.) According to Jean, "the instructional error made by trial court seems to have impacted the very case, every claim raised by Petitioner has the instructional error within it" and "defendant would have been acquitted but for the instructional errors." (Doc. 13 at 17, 18.) For these reasons, Jean objects to the Magistrate Judge concluding that most of his claims are non-cognizable, unexhausted, or procedurally defaulted. (*See* Doc. 13 at 2, 6, 12, 16–17.)

The Court will overrule Jean's Objection and adopt the Magistrate Judge's R&R. First, because of Jean's focus on the jury instructions, the Court will address the instructions and Jean's failure to establish prejudice and fundamental unfairness. Next, the Court will address Jean's objections to the Magistrate Judge's finding that many of Jean's claims were non-cognizable, unexhausted, or procedurally defaulted. Jean raises many state-law claims, including those related to the jury instructions, and argues they are cognizable because they involve an extreme and deliberate constitutional due-process violation that caused the jury to wrongfully convict him. The Court will adopt the Magistrate Judge's findings because Jean fails to show the prejudice and fundamental unfairness necessary to raise cognizable state-law claims and excuse unexhaustion and procedural default. Finally, the Court will adopt the Magistrate Judge's conclusions that that Jean's ineffective-assistance-of-counsel claims lack merit because Jean rests these claims on his counsel's failure to advocate for positions not grounded in the facts or the law.

///

### A. Jury Instructions and Verdicts

Jean presents four arguments related to the jury instructions. First, he argues that a jury instruction incorrectly listed the required mens rea for aggravated assault. Second, he asserts that the trial court should have included an instruction for the lesser charge of assault. Third, Jean states that the jury's guilty and not guilty verdicts for certain counts were inconsistent. Fourth, Jean argues that the evidence could not have established the elements of aggravated assault. None of these arguments, however, establish prejudice or fundamental unfairness.

#### 1. Mens Rea

Jean argues that the jury instructions "prejudiced petitioner Jean because it allow[ed] the State to convict the petitioner of aggravated assault without proving that he intended to harm the alleged victim." (Doc. 13 at 3.) Jean contends that the aggravated-assault jury instruction should not have included recklessness. (*Id.*) He reasons that including recklessness improperly implies that "the elements of (intent) (reckless) and (knowing) are all equal, because even if the State fails to prove (intent) or (knowing), the (reckless) mental state seems to suffice to establish aggravated assault . . . ." (*Id.*)

The jury instruction for aggravated assault properly included recklessness. Contrary to Jean's position, the jury did not need to find that he intended to harm the victim. The crimes of assault and aggravated assault require that one act "intentionally, knowingly or recklessly." Ariz. Rev. Stat. Ann. §§ 13-1203, 13-1204(A). This statutory language does not mean that the three types of mens rea are equal but that the jury need only find adequate support for one of them. And as discussed below in Part I.A.4, the jury had sufficient evidence with which to conclude that Jean acted recklessly.

#### 2. Lesser Charge

Jean argues that the jury instructions should have included the lesser charge of assault, not just aggravated assault. (Doc. 13 at 4–5.) A state court's failure to instruct on a lesser offense generally does not present a federal constitutional question for habeas corpus proceedings. *Bashor v. Risley*, 730 F.2d 1228, 1240 (9th Cir. 1984). However, a

criminal defendant may bring a habeas claim if the trial court denied him the constitutional right to present a jury instruction consistent with his theory of defense. *Id.*

Assault occurs when one "[i]ntentionally, knowingly or recklessly caus[es] any physical injury to another person." Ariz. Rev. Stat. Ann. § 13-1203. Aggravated assault occurs when one intentionally, knowingly, or recklessly "causes serious physical injury to another" or intentionally, knowingly, or recklessly causes physical injury to another using a "dangerous instrument." *See id.* § 13-1204(A). An automobile is a "dangerous instrument" when used under circumstances readily capable of causing death or serious physical injury. *State v. Venegas*, 669 P.2d 604, 608 (Ariz. Ct. App. 1983).

Jean's theory of defense did not require a jury instruction for assault. In Jean's case, a victim suffered "serious physical injury" and Jean caused injury with a vehicle—a "dangerous instrument." *See Jean*, 2016 WL 2864785, at *1. Jean's defense hinged on the issue of mens rea *not* the two factors that turned the assaults into aggravated assaults: (1) the victim's serious injury and (2) Jean's use of a vehicle. That is, Jean only argues he did not act intentionally, knowingly, or recklessly; he does not argue that he did not cause serious injury or that he did not drive the vehicle. (*See* Doc. 1-1 at 11; Doc. 13 at 9.) If the jury *believed* Jean's defense—and found that he *did not act* intentionally, knowingly, or recklessly—the jury would have to acquit him of both assault and aggravated assault. On the other hand, if the jury *did not believe* Jean's defense—and found that he *did act* intentionally, knowingly, or recklessly—the jury would have to find Jean guilty of aggravated assault because Jean (1) caused serious physical injury and (2) used a vehicle. As stated by the PCR Court, "a lesser-included offense was not appropriate" because "the record was such that the jury would have to find [Jean] either guilty or not guilty." (Doc. 1-1 at 11.)

### 3.    Inconsistent Verdicts

Jean argues that the jury finding him guilty on certain counts and not guilty on other counts is inconsistent and shows the improper jury instructions prejudiced him. (Doc. 13 at 5, 13.) Jean's argument, however, has no basis in the law. "Consistency in the verdict is

not necessary." *United States v. Powell*, 469 U.S. 57, 62 (1984) (quoting Justice Holmes). "The Supreme Court has made it clear that inconsistent verdicts may stand when one of those verdicts is a conviction and the other an acquittal." *Ferrizz v. Giurbino*, 432 F.3d 990, 992–93 (9th Cir. 2005). The reason for this rule is that an acquittal on one count may be explained as the jury being lenient towards the defendant rather than as a statement on the jury's view of the evidence. *Id.* at 993.

### 4. Sufficiency of the Evidence

Jean also contests the sufficiency of the evidence and argues that the jury should not have found that he acted recklessly. Jean writes: "Petitioner clearly argues that, his case specifically, requires that [aggravated assault] be done intentionally, because, this case does not deal with a person recklessly driving a vehicle solely because of voluntary intoxication." (Doc. 13 at 9.) "[T]he circumstances involved, were too serious and caused [Jean] to be inflicted with a mental state of fear, shock, and panic. Petitioner was not in his right mind, and the trial court had knowledge of this. His driving was considered to be – reckless – based on his fright and attempt to escape from a dangerous situation." (Doc. 13 at 14–15.)

Jean's arguments are without merit. First, aggravated assault with a vehicle does not require a defendant to have driven while intoxicated. *See Venegas*, 669 P.2d at 608. More importantly, at this stage of review, the Court "must view the record in the light most favorable to the prosecution and presume that the jury resolved any evidentiary conflicts in its favor." *Kyzar v. Ryan*, 780 F.3d 940, 943 (9th Cir. 2015) (citing *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). In reaching a guilty verdict for aggravated assault, the jury could have found that Jean acted intentionally, knowingly, or recklessly. *See* Ariz. Rev. Stat. Ann. §§ 13-1203, 13-1204(A). As the Court of Appeals stated in reviewing Jean's case, "the jury could have concluded that Jean assaulted E.V. by recklessly driving over the victim when he was lying on the ground and no longer posed any danger." *Jean*, 2016 WL 2864785, at *2. The Court will defer to the jury's factfinding determination and resolve all evidentiary conflicts in the prosecution's favor. *See Jackson*, 443 U.S. at 326.

**B.    Non-Cognizable Claims**

In the R&R, the Magistrate Judge found that some of Jean's claims were non-cognizable.[2] (Doc. 12 at 15–17.) The Magistrate Judge found that these claims involved state-law questions unsuitable for review on a habeas petition. (*Id.*) Federal habeas courts do not reexamine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). However, violations of state law are cognizable on habeas if the state court's application of state law was so arbitrary or capricious as to constitute an independent due process violation that rendered the trial fundamentally unfair. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Jean argues that his claims related to the improper jury instruction are cognizable. (Doc. 13 at 2, 18.) He contends that the improper jury instructions were "extreme" and "deliberate" violations of his constitutional due-process right that caused an unfair trial and guilty verdict. (Doc. 13 at 2, 16, 18.) Yet, as discussed above, Jean fails to show that the jury instructions were improper or that his trial was fundamentally unfair. The Court thus agrees with the Magistrate Judge's finding that Jean presented certain non-cognizable claims.[3]

**C.    Unexhausted or Procedurally Defaulted Claims**

The Magistrate Judge found that some of Jean's claims were unexhausted or procedurally defaulted.[4] Habeas petitioners must exhaust their state-court remedies by giving the state courts, including the state's high court, the opportunity to rule upon the

---

[2] The Magistrate Judge found as non-cognizable Ground One (abuse of discretion); Ground Two (a) (sufficiency of the evidence); Ground Three (a) (improper jury instructions); and Ground Six (partiality towards the prosecution). (Doc. 12 at 15–17.)

[3] *See supra* note 2.

[4] The Magistrate Judge found that the following of Jean's claims and subclaims were unexhausted or procedurally defaulted: Ground Two (b) (ineffective-assistance-of-trial-counsel claim related to sufficiency-of-evidence claim); Ground Two (c) (same but for appellate counsel); Ground Four (a) (constructive-amendment-of-indictment claim); Ground Four (b) and (c) (same but related to ineffective assistance of trial and appellate counsel); Ground Five (a) (repeat-offender-sentencing claim); Ground Five (b) (same but related to ineffective assistance of trial and appellate counsel). (Doc. 12 at 18–26.)

merits of their federal claims in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

There are, however, narrow exceptions to this rule. A habeas petitioner who failed to properly exhaust his federal claims in state court meets the technical requirements for exhaustion if there are no state remedies available to him. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). And a petitioner, who failed to fairly present his claim in state court in a procedurally appropriate manner, may qualify for relief if he can show that the procedural default would result in a "fundamental miscarriage[] of justice" or that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). A state prisoner may also overcome the bar on reviewing procedurally defaulted claims if he can show cause for his failure to comply with state procedures and prejudice resulting from the alleged constitutional violation. *Davila v. Davis*, 137 S. Ct. 2058, 2064–65 (2017). Ineffective assistance of counsel qualifies as cause. *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986).

Jean makes an argument under each of these exceptions. He contends that he presented his case in state trial and appellate courts and has no remaining relief aside from his federal habeas petition. (Doc. 13 at 17.) He argues that the jury instructions were so improper that they constitute a "fundamental," "extreme," and "deliberate" constitutional violation. (Doc. 13 at 6, 16.) He asserts that he is innocent, but this constitutional violation caused the jury to find him guilty. (Doc. 13 at 18.) And he also contends that his appellate counsel was ineffective because they failed to raise his claims in state court in a procedurally appropriate manner. (Doc. 13 at 12.)

The Court agrees with the Magistrate Judge's finding that Jean presented certain unexhausted and procedurally defaulted claims.[5] As discussed above in Part I.A, Jean fails to establish prejudice or fundamental unfairness. Jean thus cannot show the fundamental miscarriage of justice or actual innocence necessary to excuse unexhaustion and procedural

---

[5] *See supra* note 4.

default. *See Schlup*, 513 U.S. at 321. For those reasons, and the reasons set forth in the next section, Jean also cannot rely on his ineffective-assistance-of-counsel claims to excuse his failure to exhaust and procedural default.

### D. Ineffective-Assistance-of-Counsel Claims

The Magistrate Judge found that Jean presented two cognizable subclaims that were exhausted and not procedurally defaulted.[6] (Doc. 12 at 32–38.) In these subclaims, Jean argued that his trial and appellate counsel ineffectively represented his interests regarding the allegedly improper jury instructions. (Doc. 12 at 32–33.) Under *Strickland v. Washington*, a petitioner must meet a two-part test to establish ineffective assistance of counsel: a petitioner must show that (1) his counsel was deficient and (2) the deficient performance prejudiced the petitioner's defense. 466 U.S. 688, 694 (1984).

Jean's Objection focuses on the jury instructions and verdicts, why they were improper, and how they prejudiced him. (*See* Doc. 13 at 3, 6–8, 13, 17–18.) However, as discussed above in Part I.A, Jean fails to show that the instructions were improper, that the verdicts were unsupported by the evidence, or that he suffered prejudice. The Court agrees with the Magistrate Judge's conclusion that Jean's counsel cannot be faulted for failing to advocate for Jean's positions, which were unsupported by the law and the facts. (*See* Doc. 12 at 35.)

## II. Certificate of Appealability

Under Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a Certificate of Appealability (COA) when it issues a final order adverse to the petitioner. *See United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015) (requiring a COA to appeal the denial of a Rule 60(b) motion in a § 2255 case); *Payton v. Davis*, 906 F.3d 812, 818 & n.8 (9th Cir. 2018) (applying *Winkles* to a case brought under § 2254). A court may issue a COA only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner can make a substantial

---

[6] The Magistrate Judge addressed the merits of Ground Three (b) and (c) (ineffective assistance of trial and appellate counsel in relation to the jury instructions). (Doc. 12 at 32–38.)

showing by demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner can also make a substantial showing by demonstrating that the issues were "adequate to deserve encouragement to proceed further." *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a court may issue a COA only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court's procedural ruling was correct. *Slack*, 529 U.S. at 484. The Court finds that reasonable jurists would not find this Court's ruling debatable. Therefore, the Court will not issue a COA.

### III. Respondents' Motion to Strike

The Court will grant Respondents' Motion to Strike because Jean's addendum is either an untimely amendment to his petition, improper supplement to his petition, or improper reply. Jean filed the addendum over two years after filing his petition. (Docs. 1, 19). If the Court construes the addendum as an amendment to his petition, the addendum is untimely and filed improperly without the Court's permission. *See* Fed. R. Civ. P. 15(a). Moreover, the addendum does not qualify as a supplement because Jean does not present any new "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *See* Fed. R. Civ. P. 15(d). Finally, Jean may not file his addendum as a reply. *See* Fed. R. Civ. P. 72. The Court notes the addendum does not change its analysis in reviewing the Magistrate Judge's R&R and thus also strikes the addendum based on its futility. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (denying petitioner's request to make futile amendments to § 2254 petition).

### CONCLUSION

For the foregoing reasons,

**IT IS ORDERED:**

1. The Report and Recommendation (Doc. 12) is **ADOPTED.**
2. Jean's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED.**
3. Respondents' Motion to Strike (Doc. 19) Jean's Addendum to Petitioner's

Federal Habeas Corpus Petition (Doc. 18) is **GRANTED**.

4. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court **denies** issuance of a certificate of appealability.

5. The Clerk of Court must enter judgment accordingly, and close its file in this action.

Dated this 27th day of September, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge